68

**Haskel SEEBER**

v.

**UNITED STATES of America.**

**Civ. A. No. 4291.**

United States District Court
E. D. Tennessee, N. D.
March 9, 1964.

Boyd W. Cox, Clyde W. Key, Knoxville, Tenn., for plaintiff.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This is an action under the Federal Tort Claims Act to recover damages for personal injuries sustained by Mr. Haskel Seeber on April 7, 1961 while serving a prison sentence in the government institution which is located in the Montgomery, Alabama area and at or near the Maxwell Air Force Base in Alabama.

Very briefly stated, the theory of the plaintiff is that he was required to go into an attic of a building, part of which was used as a storage room and the other part as a PX commissary in connection with the Maxwell Air Base and do some work on a couple of air-conditioning fans, one of which was located on the right side of the building and the other on the left, and the building was about 60 feet or more in width and about 180 feet in length.

The photographs of the attic show joists, pipes, conduit, cable, and a substance that made up the floor of the loft which has been described as asbestos.

The diagram filed as Exhibit No. 5 shows the storage space and the partition of the building and the PX part of the building and the cooling tower. It also shows the fan on the right side looking towards the storage room and also a fan on the left side. There was a ladder that led up from the floor to each fan. The joists in this building were four inches wide. The conduit cable was about three-quarters of an inch in diameter and consisted of a metal substance.

Plaintiff states that he was ordered by Mr. Bulger, a person who has testified and who worked as a civilian for the Army at the Maxwell Air Force Base at that time and who was working with the plaintiff, to go up and oil and grease the fans which he was in the process of doing at the time of the accident.

Plaintiff had a flashlight in one of his hands, as the attic was dimly lighted, and it was difficult to see while walking on the joists without a flashlight. Immediately before the accident plaintiff had proceeded over one of the joists to the fan on the right looking in the direction of the storage space to oil that fan, and while there he discovered he needed a grease gun and proceeded to backtrack over the same joists and after he had backtracked approximately 30 feet or more his flashlight went out and he stumbled over a section of conduit about 12 to 18 inches or more in length that was across or on the joist in his pathway, thus causing him to lose his balance and to fall on the asbestos ceiling over the PX part of the building, through the ceiling and onto the hard surface below.

When he hit the hard surface below, which, according to the proof, was anywhere from 16 to 20 feet from the ceiling, it drove the bone of his right heel into another bone and caused him to be hospitalized in the prison hospital for some several days.

Plaintiff sustained a comminuted fracture of the heel bone which interferes with the bone that runs from the heel to the ankle bone. He states that he sustained some back injury which caused him pain immediately after the accident and continues to cause pain. He was suffering with spondylolisthesis, which is a slipping of the vertebra, at the time of the accident, but this was not injured in the accident according to the medical testimony.

Plaintiff's ankle was placed in a cast when he reached the hospital and continued to be in a cast when he was released from the hospital and from prison on April 27, 1961. He was discharged on April 7, 1961.

Plaintiff states that he did not work for 17 months after he was released from prison but is now working at a good wage at $3.13 per hour or more than $24.00 per day. He states that he still has disability in the ankle which shows itself when he undertakes to move it upward or downward or sideways and it causes pain.

Another residual which exhibits itself is swelling when he walks as much as a fourth of a mile.

This substantially describes his injuries without going into the degrees of movement which the doctors mentioned in connection with the movement of the ankle up and down.

Plaintiff claims that he was an invitee on the occasion of the accident, with which claim the Court agrees, and that the Government owed him the duty to exercise ordinary care to see that the place that he was ordered to visit and in which he worked was a reasonably safe place for him to carry on his work without injury. He contends that the Government violated its duty in that respect in four particulars, to-wit: (1) That it failed to furnish a reasonably safe place within which to perform the task he was ordered to perform; (2) That it negligently furnished a defective portable electric light for his use; (3) That it failed to provide a suitable and safe walkway for the plaintiff to use in crossing from one side of the attic to the other; (4) That defendant negligently caused and permitted a piece of pipe conduit to be and remain on the joist and in the path of one who was required to enter the attic and service the air conditioners.

Defendant denies all charges of negligence. Defendant states that if it is in error in this particular and the Court should find negligence, that plaintiff is precluded from recovering because of his contributory negligence or assumption of risk.

The issues as set forth in the pre-trial order are: (1) Was defendant guilty of any act of negligence that proximately caused the accident and resulting injury?

■ Without making a detailed finding on this point, the Court is of the opinion and finds that the Government was proximately negligent on the occasion of this accident in that, among other things, (1) it failed to provide a suitable, safe walkway for the plaintiff to use in crossing from one side of the attic to the other as he was expected to do in the performance of his work; (2) that it permitted, under the proof in this case, sections of conduit or other debris to be located in the attic, and according to the proof in this case permitted one piece of conduit cable to be located on the joists where plaintiff walked and was negligent in that respect; (3) that the omissions on the part of the Government resulted in a reasonably unsafe place for plaintiff in which to do his work, and were a proximate cause of his injury. See Muniz v. U. S., 374 U.S. 150, 83 S. Ct. 1850, 10 L.Ed.2d 805.

Issue No. 2. Was plaintiff guilty of proximate contributory negligence that precludes a recovery, or remote contributory negligence that mitigates the damages to which he would otherwise be entitled?

■ The Court finds again, without going into a detailed recitation of the evidence, that plaintiff was not guilty of primary or proximate contributory negligence which would bar a recovery but was guilty of remote contributory negligence that mitigates his damages to which he would be otherwise entitled.

In that connection, the remote contributory negligence which the Court finds was that there were two ladders, one located under each fan on which plaintiff was to work. Plaintiff could have used these ladders and reached the fans without using the joists for a walkway. However, plaintiff states, and there is nothing to indicate that he was not telling the truth about this point, that he did not know of these ladders.

We think reasonable care required plaintiff to know about them and that he was guilty of remote contributory negligence in not knowing about them. Plaintiff, although light in academic education, is not an ignorant man by any means. He is educated in the ways of the world. He is an excellent workman. He was accustomed to working with his hands. He had worked in far more dangerous places than that where the accident occurred. He had worked in underground coal mines many years; he had worked on air compressors and in big factories in the north and had done other work of like nature with his hands. Walking on a 4-inch joist was not disturbing to plaintiff like it would be to a person who was unaccustomed to walk on such joists in the condition that the joists were in at the time of the accident.

Again, and without undertaking to point out every manner in which plaintiff was guilty of remote contributory negligence, he was guilty of remote contributory negligence in that he went over the joists and visited the fan to his right without an event and backtracked over the same joists without an event. What caused plaintiff to stumble over the cable is difficult to understand unless, as his counsel pointed out, that in his journey to the fan to the right he did not encounter the cable but as he backtracked he went beyond the middle of the building where he encountered the cable and that caused the accident. That is a perfectly plausible explanation and the Court is inclined to believe that it is correct.

Issue No. 3. If plaintiff is entitled to recover, what is the amount of the damage?

■ As previously indicated, plaintiff is entitled to recover. Counsel has heard the evidence as well as the Court. The Court is of the opinion that plaintiff could have returned to work if work had been available within five or six months after this accident in accordance with the testimony of Dr. L. Willien.

Taking into consideration all factors, the primary negligence on the part of the Government, the remote contributory negligence on the part of the plaintiff, the Court fixes the damages at $3,000.00.

■ Under the law, the plaintiff is allowed to have the Court fix a reasonable fee for his attorney. This was a close case and his counsel has handled it in an expert manner. Plaintiff probably would have been entitled to more damages if it had been a straight case of liability without any remote contributory negligence and the Court would not have hesitated to fix damages greater than those fixed, but under all the circumstances the Court fixes the fee for plaintiff's attorney at $600.00.